# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 13-4493 BLS

_Walsh Brothers, Inc._ , Plaintiff(s)

v.

_Colonial Surety Company_ , Defendant(s)

## SUMMONS

To the above-named Defendant:

Σ You are hereby summoned and required to serve upon _Colonial Surety Company_

plaintiff's attorney, whose address is _Corp Service Co, 84 State St, Boston, MA 02109_ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness,  Barbara J. Rouse, Esquire, at Boston, the _23rd_ day of _December_ , in the year of our Lord two thousand _thirteen_ .

A true copy Attest:

_Cotter_
Deputy Sheriff Suffolk County

_Michael Joseph Donovan_
Clerk/Magistrate

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint; but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 201___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:_____,201____.          _____


**N.B.   TO PROCESS SERVER: –**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

_____,201 .


**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 13-4493 BLS

Walsh Brothers, Inc. , Plff(s).

v.

Colonial Surety Company , Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

| CIVIL ACTION COVER SHEET | DOCKET NO(S) **B.L.S.** **13-4493** | Trial Court Of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|
| PLAINTIFF(S)<br>Walsh Brothers, Inc. | | DEFENDANT(S)<br>Colonial Surety Company |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Board of Bar Overseers number<br>Samuel H. Starr, BBO #477253<br>Rebecca A. Desmond, BBO #679005<br>Mintz, Levin, Cohn, Ferris,<br>Glovsky and Popeo, P.C.<br>One Financial Center<br>Boston, Massachusetts 02111<br>(617) 542-6000 | | ATTORNEY (if known) |
| Origin Code Original Complaint<br>F01 Original Complaint | | |

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) CODE NO. TYPE OF ACTION (specify) TRACK IS THIS A JURY CASE? * YES

BE 1 Breach of Contract    (B) ✓ Yes ( ) No

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

Plaintiff Walsh Brothers, Inc. ("Walsh") hereby brings a Complaint against Colonial Surety Company ("Colonial") to recover amounts due under a performance bond for costs incurred by Walsh as a result of Colonial's principal Iaccarino & Sons, Inc.'s ("Iaccarino") defaulting on its contract with Walsh. Walsh subcontracted with Iaccarino for furnishing and installing architectural millwork and casework at the Children's Hospital, Main Building Addition, 300 Longwood Ave., Boston, Massachusetts (the "Project"). In November, 2012 Iaccarino filed for bankruptcy and thereafter rejected its subcontract with Walsh causing Walsh to incur substantial additional costs in the completion of Iaccarino's work, and the impacts of Iaccarino's default on the Project. Pursuant to the performance bond, Colonial owes Walsh the costs incurred by Walsh as a result of Iaccarino's default. In this action, Walsh asserts Colonial breached its contractual obligations to pay Walsh for its costs arising from Iaccarino's default and violated the Massachusetts Consumer Protection Act, M.G.L. c. 93A, §§ 2 and 11.

RECEIVED

DEC 2 3 2013

SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

* A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods." Signature of Attorney of Record _____

DATE: 12/23/13

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
BUSINESS LITIGATION SECTION
CIVIL ACTION NO:   13-4493 BLS

---

WALSH BROTHERS, INC.,
      Plaintiff,

v.

COLONIAL SURETY COMPANY,
      Defendant.



RECEIVED

DEC 2 3 2013

SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

---

## COMPLAINT

    1.    Plaintiff Walsh Brothers, Inc. ("Walsh") hereby brings a Complaint against Colonial Surety Company ("Colonial") to recover amounts due under a performance bond for costs incurred by Walsh as a result of Colonial's principal Iaccarino & Sons, Inc.'s ("Iaccarino") defaulting on its contract with Walsh.  Walsh subcontracted with Iaccarino for furnishing and installing architectural millwork and casework at the Children's Hospital, Main Building Addition, 300 Longwood Ave., Boston, Massachusetts (the "Project").  In November, 2012 Iaccarino filed for bankruptcy and thereafter rejected its subcontract with Walsh causing Walsh to incur substantial additional costs in the completion of Iaccarino's work, and the impacts of Iaccarino's default on the Project.  Pursuant to the performance bond, Colonial owes Walsh the costs incurred by Walsh as a result of Iaccarino's default.

2.      In this action, Walsh asserts Colonial breached its contractual obligations to pay

Walsh for its costs arising from Iaccarino's default and violated the Massachusetts Consumer

Protection Act, M.G.L. c. 93A, §§ 2 and 11.

## PARTIES

3.      Plaintiff Walsh is a corporation with a usual place of business at 210 Commercial

Street, Boston, Massachusetts.

4.      Defendant Colonial is a corporation with a usual place of business at 50 Chestnut

Ridge Road, Montvale, New Jersey.

## JURISDICTION

5.      This Court has jurisdiction over the Defendant because Colonial transacts business

in the Commonwealth and such contacts satisfy due process requirements.

## FACTUAL BACKGROUND

6.      On or about November 15, 2011, Walsh and Iaccarino entered into a contract

("Contract") whereby Iaccarino agreed to furnish and install interior millwork and casework at

the Children's Hospital, Main Building.

7.      On or about December 15, 2011, Colonial as surety furnished a performance bond

in the amount of $1,065,000 with Iaccarino as principal and Walsh as obligee. *See* Exhibit A:

Colonial Surety Company Performance Bond.

8.      On or about November 19, 2012 Iaccarino filed for bankruptcy under Chapter 7 of

the United States Bankruptcy Code and stopped performing work under the Contract.

Thereafter, on or about December 20, Iaccarino rejected the Contract.

9.      As of the date Iaccarino filed for bankruptcy, Iaccarino had commenced

fabrication of certain of the materials required under the Contract but had not yet started

installation at the Project.  Walsh had paid Iaccarino $57,510 on the Contract, leaving a

remaining Contract balance of $1,101,930.

10.     Effective on or about December 19, 2012, Colonial and Walsh entered into an

Agreement pursuant to which Walsh would directly contract with a completing contractor,

Millwork One, Inc. ("Millwork One") to complete the Contract.  The amount of Walsh's contract

with Millwork One was $1,305,000.  Colonial agreed to pay Walsh $203,700 representing the

difference between the remaining Contract balance and the amount of the contract with Millwork

One.

11.     Successful performance of the work at the Project required the timely

commencement and completion of Iaccarino's work under the Contract, which did not occur due

to Iaccarino's default.  At the time of Iaccarino's default, the Project was ready for delivery and

installation of the millwork; instead, due to the default, millwork delivery and installation was

delayed for several months.  Iaccarino's default seriously impacted and disrupted the progress of

work at the Project and caused harm to Walsh.

12.     Iaccarino's default caused Walsh to incur substantial costs including delay

damages, acceleration costs, and other impacts to Walsh and other subcontractors resulting from

Iaccarino's default including costs incurred by Walsh to mitigate damages resulting from

Iaccarino's default and costs incurred by Walsh to meet the Construction Schedule for the

Project.

13.     Pursuant to the performance bond, Colonial owes Walsh all costs incurred as a

result of Iaccarino's default.

14.     At various times from March 2013 through November 2013, Walsh furnished

Colonial with extensive documentation on the costs it has incurred as a result of Iaccarino's

default. In addition to this cost information, Walsh has provided Colonial with voluminous Project documentation all in response to multiple information requests from Colonial. On two occasions, representatives of Walsh met at Walsh's office in Boston with Colonial and detailed the significant impact to job progress and cost to Walsh resulting from Iaccarino's default.

15.    On numerous occasions, Walsh has requested from Colonial payment for the costs incurred as a result of Iaccarino's default. Notwithstanding these repeated requests for payment, the provision of voluminous amounts of information by Walsh, and the indisputable default by its principal Iaccarino, Colonial has repeatedly and wrongfully refused to make payment to Walsh.

## COUNT I
### (Breach of Contract)

16.    Walsh repeats, re-alleges and incorporates by reference each of the allegations contained in the foregoing paragraphs as if each paragraph was separately set forth herein.

17.    Iaccarino breached its Contract with Walsh when it filed for bankruptcy and rejected performance of its obligations under the Contract.

18.    Colonial breached its obligations under the performance bond by failing to compensate Walsh for the costs it incurred as a result of Iaccarino's default.

19.    As a result of Colonial's breach, Walsh has suffered damages in an amount to be proved at trial.

## COUNT II
### (Violation of G.L. c. 93A, §§ 2 and 11)

20.    Walsh repeats, re-alleges and incorporates by reference each of the allegations contained in the foregoing paragraphs as if each paragraph was separately set forth herein.

21.    Colonial is engaged in the conduct of trade or commerce within the meaning of

G.L. c. 93A, §§ 1 and 2, as amended.

22.     Notwithstanding the indisputable default of its principal Iaccarino and the provision by Walsh to Colonial of substantial documentation evidencing the significant impact to Walsh caused by Iaccarino's default and the serious disruption to work at the Project, Colonial has consistently and repeatedly refused Walsh's requests for payment of these costs under the performance bond.

23.     The acts and transactions constituting the unfair and deceptive acts and practices as alleged herein, Colonial's willful and knowing breach of contract, occurred primarily and substantially within the Commonwealth, within the meaning of G.L. c. 93A, §§ 2 and 11.

24.     None of the wrongful acts, or the transactions to which they relate, that are the subject of this claim, constitute acts or transactions which are exempt from the provisions and prohibitions of G.L. c. 93A, pursuant to the provisions of Section 3 thereof.

25.     Colonial was well aware that its course of conduct was unfair and prejudicial to Walsh. Notwithstanding such awareness, Colonial deliberately embarked upon and pursued its wrongful course of conduct and committed the wrongful acts set forth above to promote and advance its own interests.

26.     The use and employment of these unfair and deceptive acts and practices constituted knowing and willful violations by Colonial of G.L. c. 93A, § 2, within the meaning of Section 11.

27.     As a direct and proximate result of the aforesaid unfair and deceptive acts and practices, Walsh has suffered damages.

### Prayers for Relief

**WHEREFORE**, the Plaintiff Walsh prays that this Court grant the following relief:

1.  Enter judgment and award damages in favor of Walsh and against Colonial on all

    Counts;

2.  Award multiple damages in accordance with Count II;

3.  Award Walsh its costs, reasonable attorneys' fees, and interest in connection with

    this matter, and in accordance with Counts I and II; and

4.  Award any other relief the Court deems just and appropriate.

### Jury Demand

The Plaintiff Walsh demands a trial by jury on all claims and issues so triable.


Respectfully submitted,

**WALSH BROTHERS, INC.**

By its attorneys,

Samuel M. Starr, BBO #477353
Rebecca A. Diamond, BBO #679559
Mintz, Levin, Cohn, Ferris,
     Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000
tstarr@mintz.com
radiamond@mintz.com

Dated: December 23, 2013

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
BUSINESS LITIGATION SECTION
CIVIL ACTION NO: 13 - 4493 BLS

---

WALSH BROTHERS, INC.,
      Plaintiff,

v.

COLONIAL SURETY COMPANY,
      Defendant.



RECEIVED

DEC 2 3 2013

SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

---

## PLAINTIFF WALSH BROTHERS, INC.'S
## CORPORATE DISCLOSURE STATEMENT

In accordance with Supreme Judicial Court Rule 1:21 Defendant Walsh Brothers, Inc. by
and through its counsel, hereby certifies that:

1. Walsh Brothers, Inc. has no parent corporation.

2. No publicly held corporation owns 10% or more of Walsh Brothers, Inc. stock.

Respectfully submitted,

**WALSH BROTHERS, INC.**

By its attorneys,

Samuel M. Starr, BBO #477353
Rebecca A. Diamond, BBO #679559
Mintz, Levin, Cohn, Ferris,
    Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000
tstarr@mintz.com
radiamond@mintz.com

Dated: December 23, 2013